O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL RESENDEZ, | Case No. 2:18-03801 ADS |
|---|---|
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| JAMES ROBERTSON, Warden, | |
| Respondent. | |

## I. **INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by petitioner Michael Resendez ("Petitioner"), a California state prisoner. The Respondent, James Robertson, Warden, filed a Motion to Dismiss the Petition for Writ of Habeas Corpus ("Motion to Dismiss") on the basis that the single claim in the Petition is procedurally defaulted.[1] After reviewing the Petition,

---

[1] James Robertson, Acting Warden of Pelican Bay State Prison, where Petitioner is now incarcerated, is substituted in as Respondent pursuant to Fed. R. Civ. Pro. 25(d).

the Motion to Dismiss, Petitioner's Reply to the Motion to Dismiss, and the lodged records, the Court agrees with Respondent. For the following reasons, the motion is granted, and the Petition is dismissed with prejudice.[2]

## II. RELEVANT BACKGROUND

### A. State Court Proceedings

On January 12, 2016, a Los Angeles County Superior Court jury convicted Petitioner of assault with force likely to produce great bodily injury and assault with a deadly weapon (Case No. KA110015). [Dkt. No. 13-1, LD 1, pp. 1-2].[3] The jury also found true gang and great bodily injury allegations. [Id., pp. 4-5]. The following day, Petitioner was sentenced to 10 years in prison. [See Dkt. No. 13-2, LD 2, p. 5].

Petitioner filed an appeal in the California Court of Appeal on August 22, 2016. [Dkt. No. 13-2, LD 2]. On June 30, 2017, the California Court of Appeal denied the appeal and affirmed the judgment of the superior court. [Dkt. No 13-5, LD 5]. Thereafter, Petitioner filed a petition for review in the California Supreme Court. [Dkt. No. 13-6, LD 6]. It was denied summarily on October 11, 2017. [Dkt. No. 13-7, LD 7].

Then, one month later, on November 13, 2017, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, raising the same claim asserted in the Petition herein. [Dkt. No. 13-8, LD 8]. On November 16, 2017, the superior court denied the petition because it was untimely, failed to establish a *prima facie* case for relief, and the claim therein could have been raised on direct appeal. [Dkt.

---

[2] The parties have voluntarily consented to having the undersigned magistrate judge resolve the merits of this case. [Dkt. Nos. 2, 9, 11].

[3] All citations to electronically-filed documents refer to the CM/ECF pagination.

13-9, LD 9]. Petitioner then filed two separate petitions for writ of habeas corpus in the California Court of Appeal on October 23, 2017 and December 4, 2017.[4] [Dkt. Nos. 13-10, LD 10; 13-12, LD 12]. The Court of Appeal denied both petitions on procedural grounds. [Dkt. Nos. 13-11, LD 11; 13-13, LD 13]. Thereafter, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on January 2, 2018. [Dkt. No. 13-14, LD 14]. On March 14, 2018, the California Supreme Court denied the petition, in part, because "courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal," citing In re Dixon, 41 Cal.2d 756, 759 (1953). [Dkt. No. 13-15, LD 15].

### B. Federal Court Proceedings

On April 29, 2018, Petitioner constructively filed the instant Petition pursuant to 28 U.S.C. § 2254. [Dkt. No. 1]. In the Petition, Petitioner raises a single ground for relief: The denial of Petitioner's severance motion prior to trial violated his Fifth Amendment rights under the Constitution. [Dkt. No. 1, pp. 5, 24-28]. On June 15, 2018, the case was transferred to the docket of the undersigned United States Magistrate Judge. [Dkt. No. 10].

On July 6, 2018, Respondent moved to dismiss the Petition on the basis that the only claim raised in the Petition is procedurally defaulted because the California Supreme Court denied that claim on grounds that "habeas corpus cannot serve as a substitute for an appeal," citing Dixon, 41 Cal.2d at 759. See [Dkt. No. 12]. Respondent does not argue otherwise, but, nevertheless, contends that appellate counsel's

---

[4] The two petitions filed in the California Court of Appeal appear to be identical except for the fact that attached to the second petition was a copy of the Los Angeles County Superior Court's previous order denying his habeas petition.

3

ineffectiveness in failing to raise the issue on direct appeal constitutes cause and prejudice sufficient to overcome the default. [Dkt. No. 14]. Petitioner argues that appellate counsel failed to include a claim that the trial court erred in denying his pre-trial severance motion on appeal, despite Petitioner's "insist[ance]" that the issue be raised. [Dkt. No. 14, p. 2]. He further asserts he was just following appellate counsel's advice to wait and raise the claim in state collateral proceedings. [Id., pp. 3-4].

Respondent's Motion to Dismiss is now fully briefed and ready for decision.

### III. THE CLAIM IN THE PETITION IS PROCEDURALLY DEFAULTED

#### A. The State Court Relied on an Independent and Adequate Procedural Rule to Deny Petitioner's Claim

Federal courts cannot grant habeas relief if the following is true: "(1) 'a state court has declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Walker v. Martin, 562 U.S. 307, 316 (2011) (alteration omitted) (quoting Coleman v. Thompson, 501 U.S. 722, 729–30 (1991)); see also Ayala v. Chappell, 829 F.3d 1081, 1095 (9th Cir. 2016) ("The procedural bar doctrine prohibits a federal court from granting relief on the merits of a state prisoner's federal claim when the state court denied the claim based on an independent and adequate state procedural rule.").

In evaluating the basis of a procedural bar, a federal court reviews the "last reasoned decision" in state court. Cannedy v. Adams, 706 F.3d 1148, 1156-59, as amended, 733 F.3d 794 (9th Cir. 2013). Here, in March 2018, the California Supreme Court denied Petitioner's severance claim raised on collateral review, in part, by citing "In re Dixon (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims

that could have been, but were not, raised on appeal]." [Dkt. No. 1, p. 22; Dkt. No. 13-15, LD 15].

In <u>Dixon</u>, the California Supreme Court established that "habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely" direct appeal. 41 Cal.2d at 759. The <u>Dixon</u> rule serves as a procedural bar for a habeas petitioner who failed to raise on direct appeal a claim that could have been raised at that juncture.

Federal courts have recognized that the <u>Dixon</u> bar is both adequate and independent state procedural rule. <u>See</u> <u>Johnson v. Lee</u>, 136 S.Ct. 1802, 1804 (2016) (finding that California's <u>Dixon</u> bar "is longstanding, oft-cited, and shared by habeas courts across the Nation"); <u>see</u> <u>also</u> <u>Johnson v. Montgomery</u>, 899 F.3d 1052, 1060 (9th Cir. 2018) ("The United States Supreme Court held that California's <u>Dixon</u> rule is an adequate state ground to bar federal habeas review of a petitioner's claim."); <u>Aguilar v. Montgomery</u>, 697 F. App'x 505, 505-06 (9th Cir. 2017) (finding that district court correctly found claim procedurally barred by <u>Dixon</u>).

Petitioner does not raise any challenge to the independence or adequacy of the <u>Dixon</u> rule in this case. <u>See</u> [Dkt. No. 14]. As such, the Court concludes that the Petition is procedurally defaulted pursuant to <u>Dixon</u>.

**B.** **<u>Petitioner Has Not Demonstrated Cause and Prejudice for the Default</u>**

A federal habeas court may consider a procedurally barred claim if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged

violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

### 1. Cause and Prejudice

Petitioner argues that his appellate counsel's failure to raise a severance claim on direct appeal constitutes sufficient cause to excuse the default. [Dkt. No. 14, pp. 1-5]. The Court does not agree. Appellate counsel's failure to preserve an issue for appeal can establish cause to excuse a procedural default if the failure was "so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000); see also Martinez v. Ryan, 566 U.S. 1, 11 (2012) ("[A]n attorney's errors during an appeal on direct review may provide cause to excuse procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims."). Declining to raise a claim on appeal, however, "is not deficient performance unless that claim was *plainly stronger* than those [claims] presented to the appellate court." Davila v. Davis, 137 S.Ct. 2058, 2067 (2017) (emphasis added). Appellate counsel is not constitutionally obligated to raise every nonfrivolous argument on appeal, only those most likely to succeed. Smith v. Murray, 477 U.S. 527, 536 (1986).

Petitioner argues that he asked counsel to raise a claim regarding the denial of his pre-trial severance motion on appeal, but that counsel refused. [Dkt. No. 14, p. 4]. Even if true, however, Petitioner has failed to demonstrate that counsel was constitutionally deficient in failing to raise this claim. First, any argument that the denial of the severance motion was improper under state law is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief

does not lie for errors of state law." (internal quotations omitted)). Second, "[t]he Supreme Court has never held that a trial court's failure to provide separate trials on different charges implicates a defendant's right to due process." Collins v. Uribe, 564 F. App'x 343 (9th Cir. 2014); see also Martinez v. Yates, 585 F. App'x 460, 460-61 (9th Cir. 2014) (finding that trial court's failure to sever for trial criminal charges related to two separate incidents not grounds for federal habeas relief as "[t]here is no clearly established Supreme Court precedent dictating when a trial in state court must be severed"). As such, Petitioner has not demonstrated that this claim was "plainly stronger" than the claim that appellate counsel chose to raise on appeal.[5] Davila, 137 S.Ct. at 2067.

Moreover, before Petitioner can argue in federal court that appellate counsel's failure to raise the issue on appeal is cause for excusing the procedural default, he must allege in state court that his appellate counsel was ineffective for failing to raise the issue and exhaust that claim. Carpenter, 529 U.S. at 451–52; Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Petitioner has not done so here. Although he consistently explained that counsel was the reason for his failure to raise the severance claim on appeal, he never claimed that appellate counsel was constitutionally ineffective for failing to do so in his state habeas petition in the California Supreme Court. See [Dkt. No. 13-14, LD 14]. Because Petitioner never articulated a separate claim of ineffective assistance of counsel by citing Strickland v. Washington, 466 U.S. 668 (1984), or other authority regarding a constitutional claim of ineffective assistance of appellate counsel, it remains

---

[5] On appeal, Petitioner's counsel raised a claim that Petitioner's due process rights had been violated because there was insufficient evidence establishing the criminal street gang enhancement. [Dkt. Nos. 13-2, LD 2; 13-6, LD 6].

7

unexhausted. See Gray v. Netherland, 518 U.S. at 162–63 (1996) (holding that proper exhaustion of a claim requires both the presentation of operative facts and the federal legal theory on which it is based).

Consequently, it cannot be used to overcome the procedural default of Petitioner's severance claim. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (holding court was prohibited from considering ineffective assistance of appellate counsel as cause for default because that claim had not been raised and exhausted separately in state court); see also Rosas v. Garcia, 2012 WL 1378644, at *5 (C.D. Cal. Feb.14, 2012) (holding that petitioner could not rely on unexhausted claims of ineffective assistance of trial and appellate counsel to establish cause for his procedural default); Madrigal v. Macomber, 2016 WL 7404723, at *17 & n.13 (E.D. Cal. Dec. 21, 2016) (finding no cause for default where petitioner failed to present an "independent ineffective assistance of appellate counsel claim to the state courts" despite petitioner's statement in state petition that he had not raised the claim previously because of "the failure of appellate counsel").

Accordingly, because Petitioner has not demonstrated cause for the default of his severance claim in state court, the Court need not reach the issue of whether Petitioner has demonstrated prejudice. See Hiivala v. Wood, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999) (failure to demonstrate cause eliminates need to consider prejudice); Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991) (same).

### 2. Fundamental Miscarriage of Justice

A federal court may consider a defaulted claim on the merits if the petitioner "can demonstrate a fundamental miscarriage of justice by establishing that under the probative evidence he has a colorable claim of factual innocence." Cooper v. Neven, 641

F.3d 322, 327 (9th Cir. 2011) (internal quotation marks and brackets omitted); see also Bousley v. United States, 523 U.S. 614, 623-24 (1998) (holding defendant must establish "factual innocence, not mere legal insufficiency" to overcome procedural default). Here, however, Petitioner raises no credible claim of factual innocence. Nor do the facts of his underlying severance claim—even were it constitutional error—suggest that he is factually innocent of the crimes for which he was convicted. Petitioner states only that he wanted to testify as to one incident and not the other. [Dkt. No. 1, p. 18]. Therefore, Petitioner has not demonstrated any exceptions to the procedural default of his claim pursuant to Dixon.

**IV.   CONCLUSION**

For these reasons, the Motion to Dismiss is granted, the Petition is denied, and the action is dismissed with prejudice. Judgement shall be entered accordingly.

**V.   CERTIFICATE OF APPEALABILITY**

The Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether:" (1) "the petition states a valid claim of the denial of a constitutional right;" and (2) "the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, Petitioner is not entitled to a certificate of appealability.

Dated: March 20, 2019        _____/s/ Autumn D. Spaeth_____
                             HONORABLE AUTUMN D. SPAETH
                             United States Magistrate Judge